UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANDRE MALIK EDMOND,

Defendant.

Criminal Action No. 23cr0073-13 (CKK)

MEMORANDUM OPINION AND ORDER
(July 19, 2024)

This matter is set for sentencing on July 22, 2024. On February 28, 2024, Defendant entered into a plea agreement on Count One of the Fourth Superseding Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture or Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 846. *See* Plea Agreement, ECF No. 270. In response to the draft Presentence Report ("PSR") prepared in this case, Defendant objected to imposition of a 2-point enhancement for "us[ing] or attempt[ing] to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense," pursuant to U.S.S.G. §3B1.4. USSG § 3B1.4; *see* Obligation and Response to PSR, ECF No. 348 (asserting that defendant did not "use, attempt to use, or get assistance from the juvenile" who "committed the offense separately and was working arguably with the conspiracy").

This enhancement was applied by the Probation Office, which indicated that "the two-point increase is applicable to participants in a jointly undertaken criminal enterprise in which the use of a minor is reasonably foreseeable." PSR, ECF No. 349, at 31. The Probation Office

1

explained further that it had not "received any independent information that the juvenile was working as a participant within the conspiracy." *Id.*

In his Sentencing Memorandum, ECF No. 391, at 4, Defendant noted that, pursuant to the application notes for USSG §3B1.4, the term "used or attempted to use" includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." USSG §3B1.4, Application Note 1. Defendant argued that the minor at issue [characterized as an "unindicted co-conspirator"] was "not in any way being directed by Mr. Edmond, nor are there any facts in the statement of facts that suggest any "use" of the minor, or any indication that Mr. Edmond took any action of directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting that minor. Def.'s Sentencing Mem., ECF No. 391, at 5. Nor did Mr. Edmond have a leadership role. *Id.* Mr. Edmond noted also that this enhancement was not part of the plea agreement, nor are there any facts that support the enhancement. *Id.*

In the instant case, Defendant and the minor were both passengers on a plane, and a bag checked in the minor's name was searched upon arrival at the airport baggage carousel. *Id.*; *see also* Govt. Sent. Mem., ECF No. 370, at 2-3 (same). Upon reviewing the arrest report from the Virginia State Police, dated February 4, 2023, *see* PSR, ¶ 128, the Probation Officer has indicated that the Report states that the minor was intercepted with walking away from the baggage claim area; he stated that the bag was his and that he packed it himself, and further, he gave authorities consent to search the bag.

Defendant asserted that there is "no indication that the minor took any action based upon Mr. Edmond's direction" including the checking of any bags. Def.'s Sentencing Mem., ECF No.

2

391, at 5.¹ The Court notes that the Government did not address Defendant's objection in its Sentencing Memorandum but rather, it stated that it agreed with the Probation Office calculation of the Defendant's Guideline range, which includes the imposition of the enhancement.

While the Court of Appeals for the District of Columbia Circuit has not addressed the interpretation of "use" or "attempted to use," as these terms are employed in Section 3B1.4, many circuit courts have held that a Section 2B1.4 adjustment applies only where the defendant takes some affirmative act to involve the minor in the criminal activity. *United States v. Taber*, 497 F.3d 1177, 1180 (11th Cir. 2007)(string citing cases from other circuits, as follows, and joining the consensus that "a §3B1.4 adjustment is warranted only where the defendant takes some affirmative step to involve the minor in the commission of the criminal activity").² *See United States v. Molina*, 469 F.3d 408, 415 (5th Cir. 2006) (indicating that the minor's mere presence during the unlawful activity was insufficient to warrant a §3B1.4 adjustment); *United States v. Pojilenko*, 416 F.3d 243, 247 (3d Cir. 2005) (agreeing that "some affirmative act is necessary beyond mere partnership in order to implicate §3B1.4"); *United States v. Paine*, 407 F.3d 958, 965 (8th Cir. 2005) (concluding that the language used in Application Note 1 of Section 3B1.4 "requires the defendant to affirmatively involve or incorporate a minor into the commission of the offense"); *United States v. Suitor*, 253 F.3d 1206, 1210 (10th Cir. 2001) (holding that §3B1.4 applies only where the evidence demonstrates more than the defendant's

---

¹ The Probation Office has reviewed the arrest report from the Virginia State Police, dated February 4, 2023, *see* PSR, ¶ 128, and has indicated that the Report states that the minor was intercepted with walking away from the baggage claim area; he stated that the bag was his and that he packed it himself, and further, he gave authorities consent to search the bag.

² That court noted however that "[d]espite the circuits' agreement that there must be some affirmative act to involve the minor, there is a split over what type of "affirmative act" will warrant the adjustment." *Taber*, 498 F.3d at 1181.

involvement in a conspiracy with a minor); *United States v. Parker*, 241 F.3d 1114, 1120 (9th Cir. 2001) (finding that a defendant must act affirmatively to involve a minor in the crime in order to warrant an adjustment pursuant to Section 3B1.4, rather than merely acting as a minor's partner); *United States v. Ramsey*, 237 F.3d 852, 860 (7th Cir. 2001) (requiring the defendant to "take affirmative acts to involve the minor in the commission of the offense"); *United States v. Butler*, 207 F.3d 839, 848 (6th Cir. 2000) (determining that a defendant "must do more than simply participate in a crime with a minor" to justify a §3B1.4 adjustment).

Upon review of the record in this case, the assertions propounded by the parties, and the Circuit court authority cited herein, this Court finds the imposition of an enhancement pursuant to §3B1.4 unwarranted, as there is no indication that Defendant participated in an affirmative act to involve the minor in the criminal activity. Accordingly, it is this 19 day of July, 2024,

ORDERED that the 2-point enhancement pursuant to USSG §3B1.4 shall not be applied to Defendant Andre Malik Edmond.

*[signature]*
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE